IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHNSON,

     Petitioner,          No. CIV S-06-2096 WBS GGH P

  vs.

WARDEN SISTO, et al.,

     Respondents.       ORDER

_____/

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's November 29, 2006, motion to dismiss.  For the following reasons, the court orders that respondent's motion is vacated, and the petition is dismissed with leave to amend.

     Respondent construes the petition to raise one claim: the Board of Prison Terms (BPT) failed to provide petitioner with a timely parole consideration hearing.  Respondent argues that the petition should be dismissed as moot because petitioner received his hearing.

     In the points and authorities attached to the petition, petitioner alleges that when he pled guilty to seven years to life, his attorney told him that he would be out in seven years. Petitioner has been in prison for longer than seven years.  Attached to the petition is a copy of a petition filed by petitioner in the California Supreme Court.  In this petition, petitioner alleges

1

1  that the BPT failed to hold timely parole suitability hearings.

2         If petitioner wishes to raise claims regarding the timeliness of his parole

3  suitability hearings and an alleged breach of his plea agreement, he must file separate habeas

4  corpus petitions.  See Federal Rules Governing Section 2254 Cases, Rule 2(e)(petitioner seeking

5  relief from different judgments must file separate petitions covering the judgments of each

6  court).  Petitioner may not proceed in one petition with a claim alleging a violation of the plea

7  agreement and claims challenging parole suitability hearings, as these claims involve different

8  proceedings.

9         Because it is not clear on which claim petitioner intends to proceed, the motion to

10  dismiss is vacated.  The petition is dismissed with leave to file an amended petition raising one

11  of the claims listed above.  Petitioner's claim that he did not receive a timely parole suitability

12  hearing may be more appropriately raised in a civil rights action pursuant to 42 U.S.C. § 1983.

13  See Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242 (2005)(claims challenging procedural

14  defects in parole hearings may be raised in a civil rights action).

15         Accordingly, IT IS HEREBY ORDERED that:

16         1.  Respondent's November 29, 2006, motion to dismiss is vacated;

17         2.  The petition is dismissed with thirty days to file an amended petition; failure to

18  file an amended petition within that time will result in a recommendation of dismissal of this

19  action.

20  DATED: 3/14/07

21                            /s/ Gregory G. Hollows

                                   _____

22                            UNITED STATES MAGISTRATE JUDGE

23  john2096.157

24

25

26