1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10  THOMAS JOHNSON,

11              Petitioner,                    No. CIV S-06-2096 WBS GGH P

12          vs.

13  WARDEN SISTO, et al.,

14              Respondents.                    ORDER

15  _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17  corpus.  On November 29, 2006, respondent filed a motion to dismiss.  Respondent construed the

18  petition to raise one claim: the Board of Parole Hearings (BPH) failed to provide petitioner with

19  timely parole suitability hearings.  However, in the points and authorities, petitioner raised a

20  claim alleging violation of his plea agreement.

21          On March 14, 2007, the court vacated the motion to dismiss and ordered

22  petitioner to file an amended petition raising one of the claims raised in the original petition. The

23  court advised petitioner that he could not raise both claims in one petition.  See Federal Rules

24  Governing Section 2254 Cases, Rule 2(e)(petitioner seeking relief from different judgments must

25  file separate petitions covering the judgments of each court).

26  /////

1

On March 26, 2007, petitioner filed an amended petition.  On the cover sheet, petitioner states that he intends to proceed with his claim that the BPH failed to provide him with timely parole suitability hearings.  Although the petition contains some discussion of the claim alleging violation of the plea agreement, the court construes the amended petition to allege only the claim concerning timely parole suitability hearings.

Because the original motion to dismiss was vacated, respondent is directed to file a response to the amended petition.  The court observes that in the original motion to dismiss, respondent argued that the petition was moot because petitioner received a parole suitability hearing.  Respondent stated that petitioner asserted that he had a parole hearing on November 8, 2005, following which parole was denied for two years.  Respondent argued that the issue was moot because petitioner admitted that he received a parole hearing in January 2006.

After reviewing the original and amended petitions, the court cannot locate any information regarding a parole hearing in January 2006.  Rather, in the petition for review filed in the California Supreme Court, attached as an exhibit to both petitions, petitioner claimed that his last suitability hearing was held on July 11, 2003, at which time he was granted a two year denial. Petitioner claimed that he had not received a hearing as of November 1, 2005.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order, respondent shall file a response to the amended petition; petitioner may file a response within twenty days thereafter.

DATED:  6/26/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

john2096.ord