IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHNSON,

    Petitioner,                    No. CIV S-06-2096 WBS GGH P

    vs.

WARDEN SISTO, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the amended petition filed March 26, 2007. Pending before the court is respondent's July 10, 2007, motion to dismiss. For the following reasons, the court recommends that respondent's motion be granted.

Background

        Petitioner filed the original petition on September 21, 2006. On November 29, 2006, respondent filed a motion to dismiss. Respondent construed the petition to raise one claim: the Board of Parole Hearings (BPH) failed to provide petitioner with timely parole suitability hearings.

        On March 14, 2007, the court issued an order finding that in the points and authorities, petitioner raised a second claim alleging violation of his plea agreement. The court

1

vacated the motion to dismiss and ordered petitioner to file an amended petition raising one of the two claims raised in the original petition. The court advised petitioner that he could not raise both claims in one petition. See Federal Rules Governing Section 2254 Cases, Rule 2(e) (petitioner seeking relief from different judgments must file separate petitions covering the judgments of each court).

On March 26, 2007, petitioner filed an amended petition. On the cover sheet, petitioner states that he intends to proceed with his claim that the BPH failed to provide him with timely parole suitability hearings. Although the petition contains some discussion of the claim alleging violation of the plea agreement (and, possibly, a claim alleging involuntary plea), the court construes the amended petition to allege only the claim concerning timely parole suitability hearings.[1]

Analysis

Petitioner alleges that he was found unsuitable for parole by the BPH on July 11, 2003. At that time, the BPH told him that he would receive his next parole suitability hearing in two years. Petitioner alleges that he did not receive his suitability hearing within two years of July 11, 2003.

Respondent argues that this action should be dismissed as moot because petitioner received a parole suitability hearing on January 19, 2006. Therefore, respondent argues, petitioner received the relief he was seeking in this action.

The case or controversy requirement of Article III, § 2 of the Constitution requires that "'the parties...continue to have a personal stake in the outcome of the lawsuit.'" Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978 (1998) (quoting Lewis v. Continental Corp., 494 U.S. 472, 477-478, 110 S. Ct. 1279 (1990)). "A case is moot only if interim events have 'completely and irrevocably eradicated the effects' of an allegedly improper ruling." In re Pintlar Corp., 124 F.3d

---

[1] Petitioner must file a separate habeas action if he intends to raise a claim alleging violation of his plea agreement or that his plea was involuntary.

1  1310, 1312 (9th Cir. 1997) (quoting <u>Wong v. Dept. of State</u>, 789 F.2d 1380, 1384 (9th Cir. 1986)).

   The only relief the court could order for petitioner is for the BPH to hold a parole suitability hearing for him.  As noted by respondent, petitioner received this relief in January 2006.  The 2006 suitability hearing eradicated the effects of the alleged constitutional violation.  For that reason, the court finds that this action is moot and respondent's motion to dismiss should be granted.

   Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 10, 2007, motion to dismiss be granted.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  10/18/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

john2096.mtd