# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS JOHNSON,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>GARY SWARTHOUT, ACTING WARDEN, et al.,<br><br>　　　　　　　Respondents. | NO. 2:06-CV-02096-MMM<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Thomas Johnson is a California state prisoner serving a term of seven years to life for crimes committed in 1983. (CD 1.) On July 11, 2003, the California Board of Parole Hearings ("Board") denied Johnson's parole, stating that he posed an "unreasonable risk of danger to society or a threat to public safety" if he was released from prison. (CD 14 Ex. F.) On November 1, 2005, Johnson filed a petition for habeas corpus with the California Superior Court challenging the Parole Board's decision. (CD 1 at 134-35). The court dismissed the petition on December 13, 2005. Johnson subsequently filed his petition with the California Court of Appeal and then the California Supreme Court; both courts dismissed the petition. On September 21, 2006, Johnson

filed the present federal habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California. (CD 1.) Because the Petition is time-barred, the Court dismisses the Petition.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1) (2006). The statute of limitations applies to petitions challenging state administrative decisions. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). For purposes of this Petition, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

California law provides that a decision of the Parole Board is delayed 120 days for internal review. Cal. Code Regs., tit. 15, § 2043. Because the Parole Board denied Johnson's parole on July 11, 2003, the time for internal review of the Board's decision expired on November 4, 2003. Accordingly, the federal statute of limitations began to run on November 4, 2003, and Johnson's habeas petition needed to be filed with a federal court by November 5, 2004. Johnson did not file with the Eastern District of California until September 21, 2006–almost two years after the federal statute of limitations expired. Therefore, absent some form of tolling, Johnson's Petition is time-barred.

Statutory tolling does not apply in this case. AEDPA includes a statutory tolling provision that suspends the federal limitations period during the time of direct or collateral state review. 28 U.S.C. § 2244(d)(2). There is no evidence in the record that Johnson filed for direct state review of the Parole Board's decision. Johnson's state habeas petition does not toll the statute of limitations because it was filed on November 1, 2005, almost one year after the November 5, 2004 deadline for filing in federal court.

No evidence in the record suggests that some form of equitable tolling is warranted. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (noting that equitable tolling applies to AEDPA because the statute of limitations defense is not jurisdictional). A

petitioner is entitled to equitable tolling if he (1) has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way of timely filing a petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Johnson has neither alleged nor presented any evidence of an extraordinary circumstance that prevented him from timely filing the Petition.

Finally, the Court notes that the sole claim remaining in the Petition is Johnson's challenge to the state court's finding that "some evidence" supports the denial of parole. (CD 49.) However, the Supreme Court recently held that federal courts cannot review a California court's application of the "some evidence" standard. *Swarthout v. Cooke*, ___ S. Ct. ___ (2011), 2011 WL 197627.

Accordingly, the Petition is **DISMISSED**.

DATE: February 11, 2011

                                             /s/ Margaret McKeown
                                             Hon. M. Margaret McKeown
                                             United States Circuit Judge
                                             Sitting by Designation